## LANGBEIN et al. v. TONGUE.

### (Supreme Court, Appellate Term.   November 10, 1898.)

1. AUTHORITY OF AGENT—EVIDENCE.

One suing an alleged member of a Lloyd's insurance association for services performed on behalf of the association at the instance of its general manager must prove that such manager had authority to impose on defendant a liability for such services.

2. SAME—POWER OF ATTORNEY.

One suing for services performed for a principal at the instance of an agent having a written power of attorney to contract for such services must either procure the production of such power of attorney or give secondary evidence of its contents, if it is impossible to procure its production.

3. LLOYD'S INSURANCE ASSOCIATIONS—MEMBERS—LIABILITY.

One suing a member of several Lloyd's insurance associations for a certain proportion of his claim for services rendered in connection with policies issued by such associations must show the number of underwriters on each policy, and that defendant was one of the underwriters of each.

4. SAME—EVIDENCE—ADMISSIBILITY.

On a question whether defendant is liable for services rendered a Lloyd's insurance association, the extent of his participation in the management of the business of the association, in connection with the manner in which such business is conducted, is admissible.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by George F. Langbein and others against Walter G. Tongue for services rendered on behalf of certain insurance associations. Judgment for plaintiffs, and defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

P. A. Hargous, for appellant.

Leonard J. Langbein, for respondents.

PER CURIAM.   We think the evidence was not sufficient to support a judgment in favor of the plaintiffs.   It does not appear that the defendant was a party to any of the actions with respect to which the services were rendered for which this suit was brought.   Indeed, there is nothing in the record which properly describes such actions. It is true that a bill of particulars is referred to in the testimony, but it did not form part of the evidence, and is not before us.   It was, therefore, the more incumbent upon the plaintiffs to show that the general manager and agent of the Lloyd's companies, of which defendant seems to have been a member, was authorized to impose upon the latter the liability sought to be enforced against him in this action.   This was not done.   The case, indeed, was very loosely tried, doubtless because the plaintiffs had not anticipated the opposition on purely technical grounds which they encountered on the trial.   If, on the new trial which must be had, they find it impossible to procure the production of the original power of attorney, signed by the defendant, they should show that fact by evidence which will legally excuse its nonproduction, and then offer such secondary evidence of its contents as may be available.   It should also appear that the defendant was an underwriter in the case of each policy

with respect to which the plaintiffs performed services for which they now sue, and the number of underwriters in each case should be shown. We cannot, of course, undertake to specify what proofs might properly be offered by plaintiffs in the various exigencies which may arise in the course of the trial; but we may say that, if they find themselves involved in the same difficulties which confronted them in presenting their case on the trial under review, evidence may be resorted to with respect to the organization of the companies in question, the manner in which the business was done, how the bills for expenses of administration were paid, the extent of defendant's participation in the management of such business, and other details tending to show his responsibility for liabilities incurred in the course of the same.

We have considered the contention of the plaintiffs that there was a ratification by the defendant of their employment, but we do not consider that the evidence upon this point is sufficient to sustain the judgment. We should also call attention to the fact that the plaintiffs have sued the defendant for a certain proportion of their general claim for services rendered on behalf of each association, based upon a distribution of liability for the entire amount among a portion only of the underwriters, which they have arbitrarily assumed to make on the sole ground that they gave credit to them only, and not to the whole number. We are unable to find in the evidence any justification for this. For the reasons which we have given the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

